IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Anthony S. Bates, | Case No. 3:10 CV 442 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Union Club Company, Inc., et al., | |
| Defendants. | |

*Pro se* Plaintiff Anthony Bates brings this *in forma pauperis* action against his former employer, the Union Club Company, Inc. ("Union Club"), and William McComas, a professor at the University of Arkansas (Doc. No. 1). Plaintiff asserts Defendants infringed his civil rights by discriminating against him based on race. Plaintiff also brings claims for defamation and breach of contract. He seeks reinstatement and $2,286,189 in compensatory and punitive damages.

## BACKGROUND

Plaintiff was hired by the Union Club in July 2000 through an ex-offender employment program. The Complaint suggests he worked in Customer Relations. On June 28, 2009, Plaintiff heard McComas "banging on the glass door and brutally pulling at the door (sounding off as if he was breaking-in) inside the enclosed 12th street entrance" of the Union Club (Doc. No. 1, p. 4). When Plaintiff opened the door, McComas allegedly charged Plaintiff with "dereliction and insubordination," and threatened to report him to management (Doc. No. 1, p. 4). Plaintiff alleges he responded to McComas's accusations by simply stating: "Yes, you're right." McComas also wrote

a "libelous defamatory letter" about Plaintiff to the Union Club manager regarding his unsuccessful attempts to gain entry to the Union Club, for allegedly 45 minutes, while Plaintiff was on duty. Plaintiff responded to management via e-mail, describing "overnight guest hostility and harassment" (Doc. No. 1, p. 5).

On July 13, 2009, Plaintiff was asked to bring a report detailing his encounter with McComas to a meeting with Union Club management. The Union Club fired Plaintiff at this meeting for violating Union Club policy based on the manner in which he dealt with McComas. Although he was terminated as an employee at-will, Plaintiff believes an "employment arrangement" existed between Ran Temps, Inc. and the Union Club, which created an exception to the common law presumption in favor of employment at-will. Based on this belief, Plaintiff argues his firing was a "breach of explicit and implied-in-fact permanent employment" (Doc. No. 1, p. 6).

Finally, Plaintiff suggests the Union Club "created mandatory procedures and practices to happen during Plaintiff's shift and no others, which basis [sic] disparate impact, work-related injury, disintegration and prevention of service" (Doc. No. 1, p. 8). This traces back to 2004-2005 when the Union Club provided organizational training which "conditioned employees to take on additional burden in providing quality professional service, and changed the probability of termination (.60) for incapacity and/or insubordination" (Doc. No. 1, p. 7).

**STANDARD OF REVIEW**

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). However, generous construction of *pro se* pleadings is not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Federal Civil Rule 8 demands that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard does not require "detailed factual allegations," but demands more than an unadorned legal accusation. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id*. It must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Id*. Here, there are no allegations on the face of the Complaint which state a plausible federal claim for relief against the Union Club or McComas.

### CIVIL RIGHTS VIOLATIONS

Section 1981 prohibits racial discrimination in the making, performance, modification, and termination of employment contracts. 42 U.S.C. § 1981(b). To sustain a Section 1981 employment discrimination claim, a plaintiff must be able to establish that the employer purposefully discriminated against him. *See*, *e.g.*, *Jackson v. RKO Bottlers of Toledo, Inc*., 743 F.2d 370, 378 (6th Cir. 1984) ("Purposeful discrimination is a prerequisite to liability under section 1981."). Plaintiff makes conclusory statements about being fired in part because of a report he wrote, but nowhere does he allege the Union Club's actions were motivated by his race; therefore he fails to state a claim under Section 1981.

With regard to a Section 1983 action, "the initial inquiry must focus on whether the two essential elements . . . are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally, to be considered to have acted under color of state law, the person must be a state or local government official or employee. There is no allegation the Union Club or

3

McComas acted under color of state law. The Union Club is a privately owned and operated business and while McComas is likely an employee of the State of Arkansas, his interaction with Plaintiff was as a private citizen seeking entrance to the Union Club. Thus, Plaintiff fails to state a claim under Section 1983.

Plaintiff's claim pursuant to 42 U.S.C. § 1985 must also be dismissed. To establish a violation of Section 1985, he must allege Defendants conspired to deprive him of the equal protection of the laws and committed an act in furtherance of the conspiracy that was motivated by racial or other class-based invidiously discriminatory animus. *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999). Again, Plaintiff alleges no facts to suggest either Defendant conspired to deprive him of his right to equal protection of the law or that their actions were in any way motivated by his race.

Because Plaintiff has failed to state a claim under Section 1985, his claims for relief under 42 U.S.C. § 1986 must also be dismissed. Section 1986 imposes liability on those individuals who have knowledge of any of the wrongs prohibited by Section 1985, yet fail to prevent them. Without a violation of Section 1985, there can be no violation of Section 1986.

Title VII provides "[i]t shall be an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . race." 42 U.S.C. § 2000e-2(a)(1). Plaintiff does not identify his race in the Complaint. Moreover, there are no allegations suggesting Plaintiff may fall within a protected class. Therefore, without more, he has failed to state a Title VII violation.

Plaintiff also asks for "plus premium pay" for work performed on Sundays over the course of nine years. He cites 5 U.S.C. § 5546 in support of this claim (Doc. No. 1, p. 2). Title 5 of the U.S.

4

Code only applies to employees of the federal government. Plaintiff was not employed by the federal government, but was instead employed by Defendant Union Club, a private employer. Plaintiff's claim for "plus premium pay" is therefore without merit.

Plaintiff also brings a claim under 42 U.S.C. Chapter 7A seeking unemployment benefits (Doc. No. 1, p. 2). Chapter 7A does not provide Plaintiff any grounds for relief. *See* 42 U.S.C. §§ 1400-1400v.

While Plaintiff's stated federal claims are meritless, Plaintiff raises state law defamation and breach of contract claims not subject to summary dismissal. Plaintiff repeatedly alleges Defendant McComas defamed him in a letter to the Union Club (Doc. No. 1, pp. 5, 8), and Plaintiff also alleges that his employment at the Union Club was not at-will, and his termination therefore breached an employment agreement (Doc. No. 1, pp. 5-6). Having dismissed the federal claims, this Court declines to exercise supplemental jurisdiction over these state law claims among non-diverse parties. 28 U.S.C. § 1367(c)(3). Therefore, Plaintiff's defamation and breach of contract claims are dismissed without prejudice. Should Plaintiff seek to pursue them, he must do so in the proper state court.

## CONCLUSION

Accordingly, Plaintiff's Motion to Proceed *in forma pauperis* is granted and this action is dismissed under Section 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

May 10, 2010